OPINION
Appellant Carpet Craft Tile and Flooring, Inc. appeals the decision of the Canton Municipal Court, which awarded judgment in favor of Appellee Schneider Lumber Company in an action filed by appellee to recover monies owed on the purchase of wood products. The relevant facts leading to this appeal are as follows.
Appellant Carpet Craft is engaged in the business of installation of floor coverings in residential and commercial buildings. In December 1999, Carpet Craft's usual supplier of "Luan" plywood was unavailable to provide the product as desired. Luan is a thin plywood which can be installed on top of subflooring as a base for floor covering. Carpet Craft thereupon turned to Appellee Schneider, which sells wood products to consumers and contractors. Carpet Craft purchased, for the price of $3,565, a total of the 2,300 sheets from Schneider, with delivery of same being completed on January 29, 2000.
Carpet Craft utilized the product at various contracting sites. However, Carpet Craft claimed that some of the Luan "delaminated," i.e., layers of the plywood became separated, causing certain floor areas to feel "mushy" or uneven underfoot. Therefore, Schneider was refused payment. Carpet Craft relaid the floors at three residential sites where delamination was discovered, at a purported cost of approximately $4,900.
On May 17, 2001, Schneider filed a complaint in Canton Municipal Court, seeking recovery of the purchase price of $3,565. On June 12, 2001, Carpet Craft filed an answer and general denial of the claim. A bench trial was conducted October 3, 2001. During the trial, Carpet Craft raised a claim of set-off based upon an allegation of breach of implied warranty of merchantability and fitness for a particular purpose. On October 22, 2001, the trial court awarded Schneider $3,565 plus statutory interest from the date of January 29, 2000, denying Carpet Craft's set-off claims.
Carpet Craft timely appealed and herein raises the following three Assignments of Error:
 "I. THE TRIAL COURT'S FINDING THAT THERE WAS NO EXPRESS WARRANTY AGAINST DELAMINATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "II. THE TRIAL COURT'S FINDING THAT THE DELAMINATED PLYWOOD DID NOT VIOLATE THE IMPLIED WARRANTY OF MERCHANTABILITY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "III. THE TRIAL COURT ERRED IN FAILING TO SET-OFF CARPET CRAFT'S CONSEQUENTIAL DAMAGES AGAINST THE SCHNEIDER LUMBER CLAIM."
 I.
In its First Assignment of Error, Carpet Craft argues the trial court's finding, that Schneider made no express warranty against delamination of the Luan plywood, is against the manifest weight of the evidence. We disagree.
As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries
(Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
R.C. 1302.26(A) states in pertinent part:
"Express warranties by the seller are created as follows:
 (1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
 "(2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
"* * *"
At trial, a total of three witnesses participated: Michael Cavella, president of Carpet Craft; Michael Viscounte, the Schneider salesperson for the Luan plywood; and Donald Schneider, owner of Schneider Lumber. Carpet Craft directs our attention to a portion of Cavella'a testimony, which it claims demonstrates the existence of an express warranty:
 "Q. And what did Schneider tell you that product was warranted against?
"A. Delamination.
"Q. Who told you that from Schneider?
"A. Mr. Viscounte.
"Q. What type of problem did you have with that product?
"A. Delamination.
 "Q. Did Schneider pay for the costs associated with the delamination?
"A. No."
Tr. at 64.
However, Donald Schneider testified to the following during earlier cross-examination:
"Q. Are you familiar with the concept of a warranty?
"A. Yes.
 "Q. When you sell your materials to your customers, do you warrant your materials?
"A. Not as such.
"Q. What do you mean, "Not as such."?
 "A. Do I warrant that a two-by-four will hold up a roof? No, I don't. I warrant that it's a two-by-four.
 "Q. Do you communicate to customers such as Carpet Craft, in writing, any limitation on the warranties that your company is issuing with its product?
"A. No."
Tr. at 44-45.
As we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. Nonetheless, even in the absence of Donald Schneider's testimony, it is established that express warranties arise only where a promise by the seller of a description of the goods to be sold is made a part of the basis of the parties' bargain. Price Bros. Co. v. Philadelphia Gear Corp. (C.A.6 1981)649 F.2d 416, certiorari denied 102 S.Ct. 674, 454 U.S. 1099,70 L.Ed.2d 641. In light of Carpet Craft's familiarity with flooring materials and its procurement of Schneider Lumber's services based on the unavailability of its usual supplier, we are unpersuaded that Cavella's aforecited testimony demonstrates that any purported delamination "warranty" was part of the basis of the bargain.
We find there was sufficient competent and credible evidence upon which the trial court could base its decision declining to find an express warranty.
Appellant's First Assignment of Error is overruled.
 II.
In its Second Assignment of Error, Carpet Craft contends the trial court's finding, that the Luan plywood did not violate the implied warranty of merchantibility, is against the manifest weight of the evidence. We disagree.
R.C. 1302.27 reads in pertinent part as follows:
 "(A) Unless excluded or modified as provided in section 1302.29 of the Revised Code, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. * * *."
We first note that Schneider Lumber presented testimony that the "mushy" floor problems in at least one of the three houses at issue were attributable not to the Luan plywood, but rather to apparently improper installation of the underlying subflooring. According to Viscounte, who personally viewed one of the problem houses: "I did speak with the homeowners; the vinyl was installed on top of the floor, on our product. I did go down in the basement with the home., with the homeowner, and looked at the floor system where I did make notations that the original contractor who built the house, when they secured the sub-floor down to the floor joist, there were anywhere — it was five or six floor joist where they completely missed nailing the sub-floor to the floor joist. The nails were one-to-two inches off . . ." Tr. at 22. Cavella denied such a problem, insisting that "they shoot an excess of nails, anywhere around the joist to insure that they * * * hit the joist, so you always inadvertently end up with some that don't just because of the multitude of nails that are put down there." Tr. at 60. As the trial court aptly noted, the exact cause of the delamination simply was not provided. Judgment Entry at 2.
Nonetheless, we further note that an implied warranty of merchantability is breached when the goods are not of an acceptable quality when compared to that generally acceptable in the trade for goods of the kind. Price Bros., supra. Carpet Craft purchased a total of 2300 sheets of Luan, apportioned in bundles of 115 four-foot by eight-foot sheets. Although the record is not clear as to exactly how many pieces became delaminated in the three houses, the evidence suggests that this problem was limited to a small fraction of the overall order, perhaps only three sheets. To some degree, as Schneider noted in his testimony, "all these products are made by Mother Nature." Tr. at 33. Despite this, the record is virtually devoid of any evidence that the difficulties experienced by Carpet Craft were outside the acceptable range for plywood products of this type. It is well-established that our review on appeal is limited to those materials in the record which were before the trial court. See State v. Ishmail (1978), 54 Ohio St.2d 4.
The trial court's conclusion that there was no breach of the implied warranty of merchantability was not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
 III.
In its Third Assignment of Error, Carpet Craft argues that the trial court erred by failing to setoff its claim for damages against the amount awarded to Schneider Lumber. We disagree.
In Witham v. South Side Building Loan Assn. (1938), 133 Ohio St. 560,562, the Ohio Supreme Court defined the right to setoff as "that right which exists between two parties, each of whom under an independent contract owes a definite amount to the other, to set off their respective debts by way of mutual deduction." Since Carpet Craft's claim stems from the same underlying transaction with Schneider, strictly speaking we interpret Carpet Craft's argument as one based on the remedy of recoupment, which is defined as a defense arising out of the same transaction as a plaintiff's claim, and which entitles the defendant to reduce the amount demanded, but only to the extent sufficient to satisfy the plaintiff's claim. Riley v. Montgomery (1984), 11 Ohio St.3d 75, 77.
Carpet Craft cites R.C. 1302.88(B) and (C), which together read:
 (B) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
 (C) In a proper case any incidental and consequential damages under section 1302.89 of the Revised Code may also be recovered.
We have previously found the evidence in the case sub judice supports the court's finding of no breach by Schneider Lumber of either express or implied warranties. As such, Carpet Craft's argument that the trial court should have recognized its counterclaim for damages must thereby fail.
Appellant's Third Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
By: WISE, J. FARMER, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.