**HOGAN, Appellee,**

v.

**HOGAN, Appellant.**

[Cite as *Hogan v. Hogan* (2000), 140 Ohio App.3d 301.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–02–037.

Decided Nov. 20, 2000.

----

John A. Garretson and Jeffrey G. Holcomb, for appellee.

Michael J. D'Amico, for appellant.

VALEN, Judge.

Defendant-appellant Clifford Floyd Hogan appeals his divorce decree in the Butler County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm the judgment of the trial court.

Appellant and plaintiff-appellee, Kathleen Ann Hogan, were married on November 24, 1984, in Hamilton, Ohio. There are two children born as issue to this marriage: Amanda Marie Hogan (D.O.B. 5/23/89) and Madeline Anne Hogan (D.O.B. 4/2/91).

Kathleen filed a complaint for divorce on August 27, 1999. In one of his answers to Kathleen's interrogatories, appellant denied that Kathleen had grounds for divorce. Appellant explained, "[d]ivorce is a mortal sin. It is justification for God to send a soul to hell for eternity." Appellant filed a "Motion for conciliation proceedings," which Kathleen opposed.

The trial court held a final hearing on February 1, 2000. At this hearing, Kathleen testified that she and appellant had been living separate and apart for more than one year without interruption. Kathleen also testified that she had not had sexual relations with appellant during the past year. Finally, Kathleen testified that appellant had verbally and physically abused her during the marriage, including one incident in which appellant had broken her collarbone. After this testimony, appellant admitted that he had lived separate and apart from Kathleen for one year but continued to oppose the divorce for religious reasons. Appellant argued that by granting a divorce the trial court would violate his right to free exercise of his religion, which does not recognize divorce.

The trial court entered a decree of divorce on February 2, 2000. Appellant appeals, raising the following assignment of error:

"The trial court was without jurisdiction to grant plaintiff/appellee a divorce from defendant/appellant, as such an exercise of state authority impermissibly burdened defendant/appellant's constitutional right to the free exercise of his religion under the Ohio Constitution."

In his sole assignment of error, appellant argues that the trial court lacked jurisdiction to enter a divorce decree. Appellant insists that the trial court's act of granting a divorce to appellant and Kathleen impermissibly impinged upon appellant's right to free exercise of religion under the Ohio Constitution and the United States Constitution.

Section 7, Article I of the Ohio Constitution states: "All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own conscience." This court has previously determined that a claim of violation of religious rights under the Ohio Constitution should be considered

pursuant to a three-part test adopted by the Ohio Supreme Court in *State v. Schmidt* (1987), 29 Ohio St.3d 32, 34, 29 OBR 383, 384–385, 505 N.E.2d 627, 628–629. See *State v. Blackmon* (1998), 130 Ohio App.3d 142, 148, 719 N.E.2d 970, 974. " 'The test is first, whether a defendant's religious beliefs are sincerely held; second, whether the regulation at issue infringes upon a defendant's constitutional right to freely engage in the religious practices; and third, whether the state has demonstrated a compelling interest for enforcement of the regulation and that the regulation is written in the least restrictive means.' " *Blackmon* at 148, 719 N.E.2d at 974, quoting *State v. Bontrager* (1996), 114 Ohio App.3d 367, 371, 683 N.E.2d 126.

The first part of the tripartite test requires a determination of whether a person's religious beliefs are sincere. Appellant asserts that he genuinely holds the religious beliefs of the Roman Catholic Church. At the conclusion of appellant's testimony at the February 1 hearing, the trial judge told appellant that he had "great respect for [his] personal convictions" and characterized appellant's concerns as "sincere." However, even if we concede that appellant's religious beliefs are sincere, we find that appellant's argument does not meet the second and third parts of the test.

Appellant fails to satisfy the second part of the three-part test because he has not demonstrated that divorce infringes upon his constitutional right to freely engage in the Catholic faith. Appellant insists that to undergo a divorce would force him to violate his religious beliefs. On the one hand, appellant insists that to be divorced is a "mortal sin" in the eyes of the Catholic Church and that being divorced will undermine his opportunity to continue to practice his faith. On the other hand, appellant argues that according to the Catholic faith, a marriage that is sacramental and consummated is indissoluble. After the trial judge stated that it had to grant the divorce in this case, appellant asked the trial judge, "And are you * * * in agreement that our Roman Catholic Religion still allows us to be married?" The trial judge responded that he had no position as to the beliefs of the Roman Catholic Church. By suggesting that a divorce under Ohio law may not necessarily be acknowledged under the Catholic Church as a divorce but may be treated as a continued marriage, appellant fails to unequivocally show that his legal divorce will infringe upon his right to freely engage in his religious practice.

Moreover, appellant has not successfully challenged the divorce statute under the third part of the tripartite test because it is apparent that the state has a compelling interest in enforcing divorce and that the divorce statute is written in the least restrictive way possible. It has been commented:

"For as long as one need remember, the legislature has treated marriage and divorce as proper subjects of the legislative police power. Statutory regulation has governed qualifications and eligibility for marriage, * * * [and] grounds for divorce[.] * * * [S]tate actions regulating marriage and its incidents are so

unassailably constitutional that only the quixotic would challenge them." *Vrabel v. Vrabel* (1983), 9 Ohio App.3d 263, 270, 9 OBR 477, 484, 459 N.E.2d 1298, 1305.

Appellant has not provided us any reason that divorce, which involves the dissolution of marriage, a legal relationship existing under Ohio law, should not be regulated by the state.[1] Appellant cannot demonstrate that the state of Ohio lacks a compelling interest for enforcement of divorce. Moreover, appellant does not argue that the divorce statute is not written in the least restrictive means.

Appellant has not met the three-part test advanced in *Schmidt*, 29 Ohio St.3d at 34, 29 OBR at 384–385, 505 N.E.2d at 628–629, and subsequently adopted by this court for reviewing a claim of violation of religious rights. See *Blackmon*, 130 Ohio App.3d at 148, 719 N.E.2d at 974. Therefore, appellant's assertion that his right to free exercise of religion under the Ohio Constitution has been infringed by application of the divorce statute is without merit.

■ Appellant also insists that the trial court improperly impinged upon his right to free exercise of religion under the United States Constitution by issuing this divorce decree. The First Amendment to the United States Constitution states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof * * *." The divorce statute is a statute of general application. This court has previously found that "neutral or generally applicable state actions are subjected to a lower level of scrutiny under the [United States Constitution's] First Amendment's Free Exercise Clause than they are under the Ohio's Free Exercise Clause." *Blackmon*, 130 Ohio App.3d at 150, 719 N.E.2d at 975. Therefore, because appellant cannot demonstrate that his right to free exercise under the Ohio Constitution had been violated, he cannot show that his right to free exercise under the First Amendment to the United States Constitution has been violated. See *id.*

The trial court properly issued a divorce decree upon demonstration that the parties have lived separate and apart without interruption for one year. See R.C. 3105.01(J). Appellant has failed to show that his right to free exercise as provided by the Ohio Constitution and the United States Constitution has been violated. Therefore, the assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and WALSH, J., concur.

---

1. If anything, the testimony before the trial court only underscores the necessity of divorce as a means to end a marriage. Kathleen's unchallenged testimony indicates that she suffered mental and physical abuse by appellant. Divorce is meant to dissolve the legal relationship of marriage when this relationship is no longer beneficial to the welfare of one or both of the parties.