DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Wanda Sabo has appealed from a judgment of divorce entered in the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms.
 I {¶ 2} Appellant Wanda Sabo ("Wife") and Appellee Norman Sabo ("Husband") were married in October 1971. In October 2000, Husband filed a complaint for divorce, alleging that he and Wife had been living apart for in excess of one year and were incompatible. Wife filed an answer, wherein she denied all of the allegations set forth in Husband's complaint and counterclaimed for a legal separation claiming extreme cruelty by Husband and incompatibility. She asked the trial court to award her, inter alia, temporary and permanent spousal support, along with all property owned by the parties, both real and personal. Husband denied the material allegations of Wife's counterclaim and admitted that the couple owned shared property, both real and personal, to which Wife was entitled to an equitable distribution upon termination of the marriage.
 {¶ 3} In February 2001, a magistrate entered temporary orders directing Husband to pay Wife between $600 and $650 per week, depending upon the number of hours he worked during the week. In February 2002, a divorce was granted by the trial court on the ground that the parties had lived separate and apart, without cohabitation, for a period of one year.
 {¶ 4} On March 28, 2002, Wife timely appealed the trial court's decree of divorce. By journal entry dated May 9, 2002, this Court dismissed Wife's appeal for lack of a final, appealable order. This Court found that because the Domestic Relations Court had yet to fully divide the marital property and prepare a Qualified Domestic Relations Order ("QDRO"), we lacked jurisdiction to review the division of marital assets. A QDRO was journalized on February 13, 2003, thus rendering the trial court's February 28, 2002, divorce decree a final appealable order.
 {¶ 5} Wife has timely appealed, asserting three assignments of error.
 II Assignment of Error Number One
"The trial court erred in granting [husband] a divorce from [wife] and denying [wife's] claim for a legal separation."
 {¶ 6} In her first assignment of error, Wife has argued that the trial court abused its discretion when it granted Husband a divorce rather than granting her request for a legal separation. Specifically, Wife has argued that the health insurance provided to her by Husband's employer was based upon her spousal status and that Husband's insurance was her only means of securing health insurance. She has claimed that she was otherwise uninsurable and, as a result of the trial court's decision to grant Husband a divorce, she would loose all health insurance coverage and suffer substantial hardship. We disagree.
 {¶ 7} When reviewing the propriety of a trial court's determination in a domestic relations case, an appellate court reviews the trial court determinations under an abuse of discretion standard. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144; see, also, Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Abuse of discretion is more than an error of law or judgment. Blakemore, 5 Ohio St.3d at 219. Instead, "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id., quoting State v. Adams, (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} R.C. 3105.01 sets forth the grounds upon which a divorce may be granted by a trial court. R.C. 3105.01 states, in pertinent part:
"The court of common pleas may grant divorces for the following causes:
"(A) Either party had a husband or wife living at the time of the marriage from which the divorce is sought;
"(B) Willful absence of the adverse party for one year;
"(C) Adultery;
"(D) Extreme cruelty;
"(E) Fraudulent contract;
"(F) Any gross neglect of duty;
"(G) Habitual drunkenness;
"(H) Imprisonment of the adverse party in a state or federal correctional institution at the time of filing the complaint;
"(I) Procurement of a divorce outside this state, by a husband or wife, by virtue of which the party who procured it is released from the obligations of the marriage, while those obligations remain binding upon the other party;
"(J) On the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation;
"(K) Incompatibility, unless denied by either party[.]
 {¶ 9} The record reveals that R.C. 3105.01(J) applies to the instant matter because Husband and Wife "stipulated that they [had] lived separate and apart, without cohabitation, for a period of greater than one year." This Court has previously held that "[R.C. 3105.01(J)] is grounded upon the public policy that living apart for a long period of time is the best evidence that a marriage is broken down." Tapfer v.Tapfer, (1990), 1990 Ohio App. LEXIS 3087. (Citations omitted).
 {¶ 10} Despite the fact that Husband has clearly set forth adequate grounds for granting a divorce, Wife has argued that the trial court should have granted a legal separation. She has contended that a divorce would destroy her status as a spouse and a legal separation would not; therefore a divorce would cause her to be terminated from Husband's health insurance whereas a legal separation would not cause a termination of coverage.[1] Furthermore, she has argued that she was unable to either secure gainful employment that included health insurance benefits or purchase private health insurance due to her poor health. Wife has therefore contended that granting Husband a divorce caused her to suffer a substantial hardship. Husband, on the other hand, has appeared to argue that because he and Wife had not cohabitated for one full year, he was statutorily entitled to a divorce. We find merit in Husband's argument.
 {¶ 11} In the case sub judice, Wife's own testimony undermined her argument of substantial hardship. She testified at trial that she was capable of working and earning $1,000 per month, but would only do so on the condition that Husband agree to a legal separation, rather than a divorce. She also testified that she owned separate property worth approximately $50,000, and that said property generated $2,000 per year in income for her. We find Wife's testimony compelling evidence that she is able to secure health insurance either through the employment that she herself claimed she could perform, or the monies generated from her separate property. Furthermore, assuming arguendo, that a substantial hardship were to result from the trial court's decision to grant Husband a divorce, we conclude that such a result fails to render the trial court's decision to grant a divorce an abuse of discretion. See Paytonv. Payton (June 20, 1997), 4th Dist. No. 96 C A2438, 1997 Ohio App. LEXIS 2881, at *14-15.
 {¶ 12} Based on the foregoing, we find that the trial court did not abuse its discretion when it granted Husband a divorce. Wife's first assignment of error is not well taken.
 Assignment of Error Number Two
"The trial court erred in awarding [wife] only $2,000 per month for 48 months in spousal support."
 {¶ 13} In her second assignment of error, Wife has argued that the trial court abused its discretion when it awarded her spousal support of $2,000 per month for forty-eight months. Specifically, Wife has argued that the trial court's findings regarding her employability were not supported by the evidence adduced at trial. She has further argued that the trial court failed to take her reasonable expenses, namely her post-divorce health insurance costs, into consideration when it determined her spousal support award. We disagree.
 {¶ 14} Trial courts are given broad discretion by the appellate courts when dividing marital property and awarding spousal support based on need. Fletcher v. Fletcher (Jan. 25, 1995), 9th Dist. No. 16689, at 2, citing Blakemore, 5 Ohio St.3d at 218. This Court will not disturb a trial court's spousal support award determination absent an abuse of discretion. Blakemore, 5 Ohio St.3d at 219. Abuse of discretion is conduct by the court that is unreasonable, arbitrary or unconscionable. Id.
 {¶ 15} R.C. 3105.18 mandates that certain relevant factors be considered when making spousal support awards. A trial court's failure to consider these factors is an abuse of discretion. See Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus. R.C.3105.18(C)(1) sets out the mandatory factors that a trial court must consider when determining a spousal support award and it states, in pertinent part:
"(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including but not limited to, income derived from property divided, disbursed, or distributed under [R.C. 3105.171];
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"* * *
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 16} Wife essentially has argued that the trial court failed to take the statutorily required elements into consideration when it determined the amount of spousal support to which she was entitled because it failed to take into account the additional health insurance expenses she would incur as a result of her divorce from Husband Husband has maintained, however, that the trial court did take Wife's additional health insurance expenses into consideration when it made its spousal support award determination; he has cited to specific parts of the record to support his argument.
 {¶ 17} "A trial court is required to `indicate the basis for its [spousal support] award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.'" Eckstein v. Eckstein, (Mar. 22, 2000), 9th Dist. No. 2974-M, at 5, quoting Kaechele, 35 Ohio St.3d at 93. This Court presumes that a trial court has properly considered the factors listed in R.C.3105.18(C)(1) when making a spousal support award determination. Cherryv. Cherry (1981), 66 Ohio St.2d 348, 357. As long as there is some indication in the record that the trial court addressed each factor listed in the statute, the statute is considered satisfied. Young v.Young (Dec. 29, 1963), 9th Dist. No. 93CA005554, at ___.
 {¶ 18} First, in its judgment entry of February 28, 2002, the trial court made numerous findings which indicated that the trial court took into consideration Wife's reasonably stated expenses. The trial court found that, per Wife's own testimony, she was capable of earning $1,000 per month, or $12,000 per year. She testified that she owned separate property valued at approximately $50,000 that generated nearly $2,000 per year in income. The trial court further found that based upon a report from the Social Security Administration, Wife needed to earn only $780 per quarter, or $3,120 per year, for the next five years in order to qualify for Social Security benefits. All of these facts evidenced the trial court's consideration of Wife's expenses and her ability to meet these expenses.
 {¶ 19} Second, the trial court directly addressed Wife's additional health insurance expenses, saying:
"The Court finds that within the next three years, [Wife] is capable of obtaining education and/or training which will enable her to meet her financial needs. The Court further finds that she has the present ability to contribute to her financial support and has the ability to save money to assist in her future cost of health insurance."
 {¶ 20} It appears that the trial court was well aware of the fact that Wife would incur the additional expense of health insurance once her health insurance under Husband's insurance carrier expired.
 {¶ 21} The trial court also expressed concern for Husband's health, in that he had suffered from a heart attack and was under a doctor's order to reduce the number of hours he worked per week. The trial court did not want to create a situation where Husband had to work more than was medically advisable for him simply to pay spousal support, especially after Wife testified of her ability to earn money from both her separate property and other gainful employment.
 {¶ 22} The trial court further summarized its findings and the reasons behind those findings. The court stated:
"The structure of this award (monthly and duration) considers the need for [Wife] to seek training or further education to fully establish her financial independence. This award affords her the opportunity to do so for the next four (4) years with her living expenses, according to her testimony, being met fully by [Husband's] payment of spousal support. This award further considers the parties' intention that [Husband] is able to retire from his position at Ford Motor Company after serving thirty (30) years. If the court had ordered a lower amount of spousal support for a longer duration, both parties would have been adversely affected. [Husband] would not have been able to retire in four years, a time frame that is close to what the parties had envisioned. Further, [Wife] would be required to work immediately to meet her economic needs thus reducing the time available to her for training and/or education."
 {¶ 23} That said, this Court does not find that the trial court abused its discretion when it awarded Wife spousal support in the amount of $2,000 per month for 48 months. Wife's second assignment of error is not well taken.
 Assignment of Error Number Three
"The trial court erred in failing to award [wife] the equity in the marital residence."
 {¶ 24} In her third assignment of error, Wife has argued that by ordering her to purchase Husband's equity in the marital home within 36 months, she has essentially been forced to sell the home or fund the equity purchase with separate property. Such a decision by the trial court, she has argued, is an abuse of discretion. We disagree.
 {¶ 25} Property distribution awards are reviewed under the same abuse of discretion standard as are spousal support award determinations. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. Pursuant to R.C. 3105.171(B), marital property should be divided equally between the spouses unless such a division would be inequitable. When making a division of marital property, the trial court shall consider all relevant factors, including those set forth in R.C. 3105.171(F). The factors set forth in R.C. 3105.171(F) are:
"(1) The duration of the marriage;
"(2) The assets and liabilities of the spouses;
"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
"(4) The liquidity of the property to be distributed;
"(5) The economic desirability of retaining intact an asset or an interest in an asset;
"(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
"(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered to by the spouses;
"(9) Any other factor that the court expressly finds to be relevant and equitable."
"In reviewing the trial court's findings, we presume that the trial court considered the relevant statutory factors." Nazarian v. Nazarian
(Mar. 21, 2001), 9th Dist. No. 3059-M, at 4, appeal not allowed (2001),92 Ohio St.3d 1450, citing Carpenter v. Carpenter (1988),61 Ohio App.3d 584, 588. In the case sub judice, the trial court made several findings that this Court views as strong support for the decision that Wife must purchase Husband's equity in the marital home.
 {¶ 26} First, the trial court found that by giving Wife three years to effectuate the purchase of Husband's equity in the marital home, she would have more than adequate time to secure training and employment that would fund the purchase. Second, with regard to Wife's employment, the trial court found that Wife had elected to not pursue employment or training opportunities once Husband vacated the marital home in 1999, thus loosing two years (as of the date of divorce) of preparedness training for re-entering the workplace. Third, Husband had no separate property and minimal personal property. Wife, on the other hand, was awarded substantial personal property from the household property. She also retained full and exclusive ownership of her separate property.
 {¶ 27} This Court finds that the trial court's property distribution award regarding the marital home was based on sound reasoning and equitable principles. The trial court did not abuse its discretion when it awarded Husband and Wife equal shares in the marital home, and required Wife to purchase Husband's equity in the home within 36 months. Consequently, Wife's third assignment of error is without merit.
 III {¶ 28} Wife's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Carr, P.J. and Batchelder, J. concur.
[1] If divorced, Wife would no longer qualify as a dependant under Husband's health insurance plan and would be terminated from coverage. She would, however, qualify for coverage under COBRA and thus would be able to purchase the same health insurance coverage for $317.22 per month for three years.