JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Mikel Harding ("Mikel"), appeals from the judgment of the Cuyahoga County Court of Common Pleas that granted a divorce to appellee, Tami Harding ("Tami"). For the reasons stated below, we affirm.
 {¶ 2} On June 25, 2003, Tami filed a complaint for divorce on the grounds of gross neglect of duty and incompatibility. Mikel filed an answer denying the allegations and requesting that the action be dismissed.
 {¶ 3} On December 11, 2003, the parties entered into a separation agreement, which purportedly addressed the issues of property division but reserved to Mikel his right to contest the divorce. The case proceeded to trial on June 16, 2004.
 {¶ 4} At trial, evidence was presented that the parties were married on October 3, 1992 and had no children. Neither party is seeking spousal support. Tami testified she had lived separate and apart from Mikel for more than a year and had not cohabitated with him in any way during the last year. Tami further stated that she moved out of the marital home with the intent to terminate the marital relationship and that she made this decision by herself. She acknowledged her husband had been emotionally distant or aloof and claimed their relationship was unhealthy.
 {¶ 5} Mikel confirmed that he had been living separate and apart from his wife for a year, without cohabitation and without interruption. He stated that during that year, his wife was free to return.
 {¶ 6} The trial court granted Tami's oral motion to amend the complaint to add the grounds of living separate and apart without interruption for more than a year. Mikel expressly waived any objection to the oral amendment. Following post-trial briefing, the trial court granted a divorce.
 {¶ 7} Mikel has appealed the judgment of the trial court, raising one assignment of error, which provides:
 {¶ 8} "The trial court erred in granting a divorce in the marriage of Harding pursuant to R.C. 3105.01(J)."
 {¶ 9} R.C. 3105.01 sets forth the grounds upon which a divorce may be granted by a trial court. The statute provides:
"The court of common pleas may grant divorces for the followingcauses:
 (A) Either party had a husband or wife living at the time of themarriage from which the divorce is sought;
 (B) Willful absence of the adverse party for one year;
 (C) Adultery;
 (D) Extreme cruelty;
 (E) Fraudulent contract;
 (F) Any gross neglect of duty;
 (G) Habitual drunkenness;
 (H) Imprisonment of the adverse party in a state or federalcorrectional institution at the time of filing the complaint;
 (I) Procurement of a divorce outside this state, by a husband or wife,by virtue of which the party who procured it is released from theobligations of the marriage, while those obligations remain binding uponthe other party;
 (J) On the application of either party, when husband and wife have,without interruption for one year, lived separate and apart withoutcohabitation;
 (K) Incompatibility, unless denied by either party.
 A plea of res judicata or of recrimination with respect to anyprovision of this section does not bar either party from obtaining adivorce on this ground."
 {¶ 10} R.C. 3105.01.[1] The use of the word "may" instead of "shall" in the statute has been held to give the court discretion to determine whether a divorce is appropriate in each situation. See Mahon v. Mahon
(Mar. 12, 1999), Trumbull App. No. 98-T-0050, citing Harcourt v.Harcourt (Sept. 30, 1998), Ashtabula App. No. 97-A-0066.
 {¶ 11} In this action, the divorce was granted under section (J), upon undisputed evidence that the parties had lived separate and apart without interruption and without cohabitation for one year. Mikel concedes that the facts in the record clearly support a conclusion that a divorce can be granted under section (J).
 {¶ 12} However, Mikel argues that, under the facts of this case, Tami should not be permitted to avail herself of a cause for divorce under section (J) by willfully absenting herself from Mikel. Essentially, Mikel argues because Tami willfully absented herself from the marriage and would be denied a divorce under section (B), she should not be permitted to use the same facts to obtain a divorce under section (J). We find Mikel's argument is nonsensical and is not supported by the clear language of the statute.
 {¶ 13} The statute as written provides a number of grounds upon which the court of common pleas may grant divorces. R.C. 3105.01. Nothing in the statute requires the separate grounds to be read together or otherwise makes them interdependent.
 {¶ 14} A party may seek a divorce under section (B) when the "adverse party" has been willfully absent for one year. In this case, Tami filed for divorce. There is no evidence that Mikel, as the adverse party, had been willfully absent for one year. Accordingly, this ground is not applicable to the facts of this case.
 {¶ 15} Under R.C. 3105.01(J), either party may apply for a divorce when husband and wife have separated and not cohabitated without interruption for one year. There are no qualifications to this ground for divorce, and nothing requires both parties to consent to living separate and apart. Sproull v. Sproull (Mar. 8, 1979), Hamilton App. No. C-76911. Moreover, R.C. 3105.01(J) is a "no fault" divorce remedy against which traditional fault-oriented defenses are not available. Mahle v. Mahle
(1985), 27 Ohio App.3d 326, 328; Cassaro v. Cassaro (1976),50 Ohio App.2d 368, 370-371. As this court stated in Cassaro,50 Ohio App.2d 368 at 371, quoting Gleason v. Gleason (1970),26 N.Y.2d 28, 35; 308 N.Y.S.2d 347, 351: "* * * The real purpose of this nonfault provision was * * * to sanction divorce on grounds unrelated to misconduct * * *. Implicit in the statutory scheme is the legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties but of society itself will be furthered by enabling them `to extricate themselves from a perpetual state of marital limbo.'"
 {¶ 16} Courts have held that R.C. 3105.01(J) is "grounded upon the public policy that living apart for a long period of time is the best evidence that a marriage has broken down, and that a divorce should be available under these circumstances * * *." Mahle v. Mahle (1985),27 Ohio App.3d 326, 328; Sabo v. Sabo, Lorain App. No. 03CA008245, 2003-Ohio-6586; Murray v. Murray (Sept. 14, 1989), Belmont App. No. 89-B-2. As stated in Cline v. Cline (Feb. 25, 1991), Greene App. No. 90-CA-38: "The language of R.C. [3105.01(J)] indicates that either party to a divorce action may include the ground of living separate and apart when the one year requirement of living separate and apart without cohabitation is met. This is consistent with the public policy underlying R.C. 3105.01. Thus, as long as the one-year requirement is met prior to the granting of a divorce upon such ground, the underlying public policy of R.C. 3105.01 is effectuated."
 {¶ 17} Indeed, numerous cases have found a divorce to have been appropriate when the requirements of R.C. 3105.01(J) have been met. See, e.g., Sabo, supra (found because husband and wife had not cohabitated for one full year, husband was statutorily entitled to a divorce); Hogan v.Hogan (2000), 140 Ohio App.3d 301 (found trial court properly issued a divorce decree upon demonstration that the parties have lived separate and apart without interruption for one year); Bowersock v. Bowersock
(June 29, 1998), Allen App. No. 1-98-10 (found no abuse of discretion where trial court granted a divorce upon grounds provided in R.C.3105.01(J)); Smith v. Smith (Sept. 19, 1997), Lucas App. No. L-96-331 (granted divorce upon evidence that the parties had lived separate and apart without cohabitation for one year); Murray, supra (rejected argument that the living apart ground for divorce may be used only when fault grounds are not available).
 {¶ 18} When reviewing the propriety of a trial court's determination in a domestic relations case, an appellate court reviews the trial court determinations under an abuse of discretion standard. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. Abuse of discretion is more than an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Instead, "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id., quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 19} In this case, both parties concede that Tami established grounds for divorce under 3105.01(J). The decision to grant the divorce was discretionary with the trial court. After reviewing the record in this case, we find the trial court did not abuse its discretion in granting the divorce.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Calabrese, Jr., J., concur.
[1] This statute was formerly R.C. 3105.01(K).