OPINION
{¶ 1} Appellant, Timothy B. Nolan ("Timothy"), appeals from the judgment of the Geauga County Court of Common Pleas granting a divorce to appellee, Christina J. Nolan ("Christina").
 {¶ 2} On April 10, 2002, Christina filed a complaint for divorce on the grounds of gross neglect of duty, extreme cruelty, and incompatibility. Timothy filed an answer denying the allegations for grounds and further requesting judgment for division of marital property, establishment of parental rights and responsibilities and other relief pursuant to law.
 {¶ 3} The matter proceeded to hearing before a magistrate on August 22, 2003. Evidence was presented that the parties were married on August 2, 1991 and that one child was born of the marriage. The parties reached agreement as to the division of all marital property and the allocation of parental rights and responsibilities. The sole remaining issue was the grounds for divorce under R.C. 3105.01.
 {¶ 4} At the hearing, Christina orally amended her complaint by testifying that she and Timothy lived separate and apart, without cohabitation, for more than one year. Christina further stated that she moved out of the marital home of her own free will and volition. Counsel for Timothy responded in the negative when asked whether he had any objections to the amendment. The magistrate proceeded to grant Christina's oral motion to amend her complaint to add the grounds of living separate and apart without interruption for more than one year pursuant to R.C.3105.01(J).
 {¶ 5} Timothy also testified at the hearing that he had been living separate and apart from Christina for more than one year. He further testified that during that year, Christina was invited to return to the marital residence but failed to accept the invitation.
 {¶ 6} As memorialized in the magistrate's decision filed on October 9, 2003, the magistrate recommended that the parties be granted a divorce based on R.C. 3105.01(J). Timothy then filed timely objections to the magistrate's decision. He contended that the magistrate erred in granting a divorce pursuant to R.C.3105.01(J). By its December 2, 2003 judgment entry, the trial court overruled Timothy's objections and adopted the magistrate's decision.
 {¶ 7} On December 31, 2003, Timothy appealed the judgment entry of divorce to this court (Case No. 2003-G-2553). On December 20, 2004, this court dismissed the appeal for lack of a final appealable order, pursuant to Civ.R. 75(F). On January 27, 2005, the trial court issued a nunc pro tunc judgment entry of divorce correcting the clerical mistake raised by this court. It is from that judgment that Timothy filed a timely notice of appeal setting forth the following assignment of error:
 {¶ 8} "The trial court erred in terminating the marriage of Nolan pursuant to R.C. 3105.01(J)."
 {¶ 9} In his sole assignment of error, Timothy contends that the trial court erred in granting Christina a divorce based upon the grounds set forth in R.C. 3105.01(J). Timothy specifically contends that under the facts of this case, Christina should not be permitted to avail herself of a cause for divorce under section (J) by willfully absenting herself from Timothy. Timothy cites R.C. 1.51 for the proposition that because Christina willfully absented herself from the marriage and would be denied a divorce under R.C. 3105.01(B), she should not be permitted to use the same facts to obtain a divorce under R.C. 3105.01 (J), absent mutual assent by the parties to a separation. We disagree.
 {¶ 10} A trial court has broad discretion in determining the proper grounds for divorce and its decision will not be reversed, absent an abuse of discretion. Buckles v. Buckles (1988),46 Ohio App.3d 102, 116; Rendina v. Rendina, 11th Dist No. 2003-L-193, 2005-Ohio-4772, at ¶ 23. Abuse of discretion is more than an error in judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rendina at ¶ 23, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
 {¶ 11} R.C. 3105.01 sets forth the grounds upon which a divorce may be granted by a trial court and provides in pertinent part as follows:
 {¶ 12} "The court of common pleas may grant divorces for the following causes:
 {¶ 13} "* * *
 {¶ 14} "(B) Willful absence of the adverse party for one year;
 {¶ 15} "* * *
 {¶ 16} "(J) On the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation[.]"[1]
 {¶ 17} R.C. 1.51 provides: "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."
 {¶ 18} Timothy's reliance on R.C. 1.51 is misplaced. R.C.1.51 is a statutory rule of construction which must be considered if, and when, statutes being reviewed by a court are found to be in irreconcilable conflict. Lake Metroparks Bd. of Comm'rs. v.Norfolk W. Ry. Co. (1999), 131 Ohio App.3d 412, 418. Here, there are no conflicting statutory provisions.
 {¶ 19} This court has stated that "[i]n interpreting a statute, `"words and phrases shall be read in context and construed according to the rules of grammar and common usage. * * *"'" Lake Metroparks Bd. of Commrs. at 417. (Cites omitted.) "Courts do not have the authority to ignore the plain and unambiguous language of a statute * * * but must give effect to the words used. * * * In other words, courts may not delete words used or insert words not used." Id. See, also, Black v. Bd.of Mecca Twp. Trustees, 11th Dist. No. 2004-T-0031,2005-Ohio-561, at ¶ 20.
 {¶ 20} R.C. 3105.01 provides a number of grounds upon which the court of common pleas may grant divorces. There is no requirement in the statutory language mandating the separate grounds be read in concert or which otherwise makes them mutually dependent. In the case at bar, Christina was granted a divorce on the sole grounds of R.C. 3105.01(J), that the parties had without interruption for one year, lived separate and apart without cohabitation.
 {¶ 21} A party may seek a divorce under R.C. 3105.01(B) when the "adverse party" has been willfully absent for one year. In this case, Christina filed for divorce. There is no evidence that Timothy, as the adverse party, had been willfully absent for one year. Accordingly, this ground is not applicable to the facts of this case.
 {¶ 22} Further, we note that R.C. 3105.01(J) provides that upon application of either party, a divorce may be granted when husband and wife have separated and not cohabitated without interruption for one year. Nothing in the statute indicates to us that the General Assembly intended mutual assent to separate as a prerequisite to establish grounds for divorce under R.C.3105.01(J). Upon review, the language of R.C. 3105.01(J) reveals a clear legislative intent to permit the termination of a marriage upon he wish of either party to that marriage, when the parties have lived separate or apart for one year without cohabitation.[2]
 {¶ 23} R.C. 3105.01(J) is a "no fault" divorce remedy against which traditional fault-oriented defenses are not available. Cf.Mahle v. Mahle (1985), 27 Ohio App.3d 326, 328. As this court has previously stated, "the provision for living apart for a year is a `no fault' provision and is not dependent on any misconduct of the parties." Mahon at 6. Rather, this statutory provision embodies the public policy that "living apart for a long period of time is the best evidence that a marriage has broken down, and that a divorce should be available under these circumstances * * *." Mahle at 328, citing Dailey v. Dailey (1983),11 Ohio App.3d 121, 122. Thus, R.C. 3105.01(J) provides that people who cannot live and cohabitate with one another for more than one year should not be compelled to remain married, if either party wishes to end the marriage. Zalewski v. Zalewski (Jan. 22, 1987), 8th Dist. No. 51470, 1987 Ohio App. LEXIS 5629. "Indeed, the concept of compelled marriage is contrary to the evolution of Ohio's divorce statute." Tedrow v. Tedrow, 11 th Dist. No. 2002-T-0064, 2003-Ohio-3693, at ¶ 28.
 {¶ 24} The Eighth District in Harding v. Harding, 8th Dist. No. 85022, 2005-Ohio-3010 considered the same statutory provision of R.C. 3105.01(J) under similar facts as the instant case, argued by the same counsel. We agree with the court in Harding,
which held in relevant part: [t]here are no qualifications to this ground for divorce, and nothing requires both parties to consent to living separate and apart." Id., at ¶ 15, citingSproull v. Sproull (Mar. 8, 1978), 1st Dist. No. C-76911, 1978 Ohio App. LEXIS 10942. Any contrary interpretation of the language of the statute would be nonsensical.
 {¶ 25} In this case, the evidence reveals that Christina established grounds for divorce under R.C. 3105.01(J). At the hearing held on August 22, 2003, Christina orally amended her complaint for divorce by testifying that the parties had without interruption for one year, lived separate and apart without cohabitation. The record reveals that Timothy waived any objection to Christina's motion to orally amend her divorce complaint. Further, Timothy conceded that both parties had been living separate and apart for more than one year.
 {¶ 26} Based upon the foregoing, the trial court did not abuse its discretion in granting the divorce based upon R.C.3105.01(J). Timothy's sole assignment of error is without merit. The judgment of the Geauga County Court of Common Pleas is affirmed.
O'Neill, J., Grendell, J., concur.
[1] The use of the word "may" instead of "shall" in the statute has been held to give the court discretion to determine whether a divorce is appropriate in each situation. See Mahon v. Mahon
(Mar. 12, 1999), 11th Dist. No. 98-T-0050, 1999 Ohio App. LEXIS 938, at 7, citing Harcourt v. Harcourt (Sept. 30, 1998), 11th Dist. No. 97-A-0066, 1998 Ohio App. LEXIS 4624.
[2] Compare to R.C. 3105.01(K), which states: "[i]ncompatibility, unless denied by either party." (Emphasis added.) Thus, a claim of incompatibility cannot be grounds for divorce if it is denied by the other party.