DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Douglas Wilson, appeals the judgment of the Wayne County Court of Common Pleas, which overruled appellant's objections to the magistrate's report and proposed decision. This Court dismisses for lack of a final, appealable order.
 {¶ 2} R.C. 2505.02(B)(1) states that an order is a final order which may be reviewed on appeal when that order "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Upon review of the record in this appeal, it does not appear that the trial court entered such an order. If the decision is not final and appealable, this Court does not have jurisdiction to hear the appeal.
 {¶ 3} On July 19, 2005, the magistrate issued a decision out of a final divorce hearing involving appellant and appellee, Jennifer Wilson. On the same date at the same time, the trial court issued a judgment decree of divorce, wherein the court issued orders mirroring the recommendations of the magistrate. Appellant filed objections to the magistrate's decision, and the trial court issued a judgment entry on November 1, 2005, overruling appellant's objections and ordering that the trial court adheres to its July 19, 2005 decision. Appellant appeals from the November 1, 2005 judgment entry, assigning seven errors for review.
 {¶ 4} The trial court's judgment entry purported to address all issues relevant to the parties' divorce. Specifically, the judgment entry purported to divide all marital assets, including appellant's unvested Teamsters pension. During the course of the marriage, appellant was a member of a Teamsters union and he participated in the union's pension plan for three years prior to being permanently laid off from work. Appellant must have participated in the union pension plan for a mimum of five years, before his pension would vest. Notwithstanding the unvested nature of appellant's pension, the trial court ordered the following:
"[Appellee] shall receive one-half of the coverture value of the [appellant's] unvested Teamsters pension if and when it becomes vested. This division shall be through a qualified domestic relations order (QDRO) prepared and signed at the time of the vesting. The cost of the preparation of the QDRO shall be equally shared between the parties."
The trial court made no express reservation of jurisdiction to address matters involving the division of appellant's unvested pension.
 {¶ 5} This Court has recognized that "[i]t is well settled that trial courts in divorce matters should strive to disentangle the parties' economic partnership whenever circumstances permit."Bakota v. Bakota (May 23, 2001), 9th Dist. No. 20339, citingHoyt v. Hoyt (1990), 53 Ohio St.3d 177, 182. This Court has further recognized that this Court lacks jurisdiction to review a division of marital assets, where the trial court has yet to journalize a Qualified Domestic Relations Order ("QDRO") ordered by the court to be filed. Sabo v. Sabo, 9th Dist. No. 03CA008245, 2003-Ohio-6586, at ¶ 4. Only after the QDRO is journalized does the divorce decree become a final, appealable order. Id. A QDRO has been defined as "a current distribution of the rights in a retirement account that is payable in the future, when the payee retires." McKinney v. McKinney (2001),142 Ohio App.3d 604, 608. Accordingly, if the QDRO has not been filed, the parties' rights have necessarily not been fully adjudicated.
 {¶ 6} In this case, no QDRO has been journalized. In fact, it is merely speculative whether a QDRO may ever be properly journalized, because its filing is contingent on whether appellant's Teamsters pension vests at some time in the future. Nevertheless, it is clear that the trial court considered the unvested pension to be a marital asset subject to division. By contingently ordering the preparation and signing, and presumably the filing and journalization, of the QDRO only upon the speculative happening of an uncertain future event, the trial court has failed to dispose of all issues regarding the division of the parties' marital assets.
 {¶ 7} In Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215, this Court explained that "the primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." Because no QDRO has been filed, thereby distributing the parties' current rights in the pension, and because the judgment entry disposes of fewer than all the issues in the parties' divorce, this Court does not have jurisdiction to hear the appeal. Accordingly, this Court dismisses the appeal for lack of a final, appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Whitmore, J. concur.