DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Eric Rothman ("Husband"), appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court dismisses the appeal.
 I. {¶ 2} Appellee, Kathleen Rothman ("Wife"), and Husband were married on July 4, 1973. On May 2, 2006, Wife filed a complaint for divorce, a motion for temporary orders, and a motion for mutual restraining order. Trial began on May 14, 2007, and concluded on May 15, 2007. On June 19, 2007, the trial court entered judgment identifying the marital assets to be distributed and specifying their ordered distribution. Furthermore, the trial court provided that a Qualified Domestic Relation Order ("QDRO") was to be prepared and filed to divide Husband's Ford-UAW Retirement plan, as well as Husband's Lincoln Financial Advisors accounts. In addition, the court specified that it retained jurisdiction over issues arising from the division of the interests in the above mentioned property. On November 13, 2007, a QDRO was filed for *Page 2 
both the Ford-UAW Retirement plan and the Lincoln Financial Advisors accounts. On November 19, 2007, Husband appealed setting forth two assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT FAILED TO UTILIZE A DEFACTO TERMINATION DATE FOR THE MARRIAGE."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN NOT FINDING THAT THE AGREEMENT BETWEEN THE PARTIES DISPOSED OF ALL ISSUES PURSUANT TO THE DIVORCE ACTION."
 {¶ 3} Husband raises two assignments of error in regard to the trial court's order dated June 19, 2007. However, we cannot address the merits of his arguments due to his failure to timely appeal the trial court's order. See Miller v. Miller, 9th Dist. No. 07CA0068-M, 2008-Ohio-2106, at ¶ 7
 {¶ 4} Historically, this Court has held that a divorce decree is not a final, appealable order until the QDRO(s) of the parties have been adopted. See Zorn v. Zorn, 9th Dist. No. 07CA0077-M, 2008-Ohio-2391, at¶ 6. However, in Wilson v. Wilson, 116 Ohio St.3d 268, 2007-Ohio-6056, at ¶ 1, the Supreme Court of Ohio rejected this Court's position. The Supreme Court held that "[a] divorce decree that provides for the issuance of a [QDRO] is a final, appealable order, even before the QDRO is issued." Id. at syllabus. In coming to this conclusion, the Supreme Court relied on Civ. R. 75(F) and determined that a QDRO "merely implements the divorce decree[,]" and "does not in any way constitute a further adjudication on the merits[.]" Wilson at ¶ 15-16. Therefore, for an appeal of a divorce decree to be timely, it must be filed within 30 days of entry of the trial court's judgment. See App. R. 4(A). *Page 3 
 {¶ 5} Although Husband filed his notice of appeal one day before the Supreme Court issued its decision in Wilson, this Court has determined that the ruling in Wilson is applicable both prospectively, and retroactively. See Miller, at ¶ 10. Therefore, Wilson is the controlling authority in the case at hand. Id.[1]
 {¶ 6} Husband filed his appeal on November 19, 2007, exactly five months after the trial court entered its judgment, and well outside of the statutorily prescribed time limit. See App. R. 4. Consequently, this Court lacks the jurisdiction to address Husband's appeal.
 III. {¶ 7} This Court lacks jurisdiction to address Husband's appeal. Therefore, Husband's appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the *Page 4 
mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
Whitmore, J. Baird, J., CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] It is important to note that this court may review on appeal that a QDRO does not accurately reflect or implement the order of the trial court. Zorn at ¶ 12. However, in the case sub judice, Husband's arguments — that the trial court abused its discretion in its choice of a termination date for the marriage, and also in refusing to adopt the parties' private separation agreement — are directly rooted in the trial court's order dated June 19, 2007, and in no way challenge the accuracy or validity of the QDRO(s) that were later adopted by the trial court. Therefore, the time frame for appeal began on June 19, 2007, when the trial court entered judgment, and ended thirty days later. *Page 1