MEMORANDUM OPINION
{¶ 1} On December 31, 2003, appellant, Timothy B. Nolan, filed a notice of appeal from a December 2, 2003 judgment of the Geauga County Court of Common Pleas. In that judgment, the trial court granted the parties a divorce on the grounds that they had lived separate and apart for more than one year. Further, the trial court overruled appellant's objections to a magistrate's report and adopted the decision.
 {¶ 2} On September 20, 2004, this court entered a judgment ordering appellant to show cause why this appeal should not be dismissed for lack of a final appealable order. Specifically, the trial court's judgment did not appear to comply with Civ.R. 75(F). On October 8, 2004, appellant filed a memorandum in support of jurisdiction.
 {¶ 3} Civ.R. 75(F) provides, in relevant part:
 {¶ 4} "* * * For purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless one of the following applies:
 {¶ 5} "(1) The judgment also divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children;
 {¶ 6} "(2) Issues of property division, spousal support, and allocation of parental rights and responsibilities or shared parenting have been finally determined in orders, previously entered by the court, that are incorporated into the judgment;
 {¶ 7} "(3) The court includes in the judgment the express determination required by Civ.R. 54(B) and a final determination that either of the following applies:
 {¶ 8} (a) The court lacks jurisdiction to determine such issues;
 {¶ 9} (b) In a legal separation action, the division of the property of the parties would be inappropriate at that time."
 {¶ 10} Pursuant to that rule, the trial court in a divorce action must either (1) divide the property, determine support, and allocate parental rights and responsibilities when it grants a divorce, or (2) if those issues have been decided in prior entries, then the court must incorporate those prior decisions into the new judgment, or (3) the court must include Civ.R. 54(B) language and make the determination that it lacks jurisdiction to consider those ancillary issues.
 {¶ 11} In the present case, the trial court failed to comply with Civ.R. 75(F) in the following respect. While it appears from the docket that the issues ancillary to the divorce may have been previously decided, the trial court did not incorporate those prior decisions into the December 2, 2003 judgment. Until the trial court complies with Civ.R. 75(F), there is no final appealable order in this case.
 {¶ 12} Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed for lack of a final appealable order.
Appeal dismissed.
Grendell, J., Rice, J., concur.