DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Plaintiff-Appellant Daniel Howard Freeman has appealed from the judgment of the Wayne County Court of Common Pleas which overruled his objections to a magistrate's decision. This Court dismisses the instant appeal for lack of a final, appealable order.
 I {¶ 2} The matter sub judice stems from a divorce action initiated by Plaintiff-Appellant Daniel Howard Freeman ("Husband") against Defendant-Appellee Gayle Gorman Freeman ("Wife"). The parties reached an agreement with regard to certain financial issues and entered a judgment entry regarding *Page 2 
spousal support, allocation of debt and division of property on April 6, 2006. The parties were much more contentious with regard to the issues of allocating parental rights and responsibilities and child support. The child custody matters were heard before the magistrate and on April 25, 2006, the magistrate filed his decision. That same day, the trial court issued a judgment decree of divorce which incorporated the magistrate's decision with regard to the child custody issues and granted the parties a divorce.
 {¶ 3} Both parties filed objections to the magistrate's decision in accordance with Civ. R. 53(D)(3). Husband also filed supplemental objections to the magistrate's decision. On July 3, 2006, the trial court overruled both parties' objections to the magistrate's decision. Husband timely appealed asserting seven assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS CALCULATION AND DETERMINATION OF APPELLANT'S CHILD SUPPORT OBLIGATION."
 Assignment of Error Number Two "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO ENTER ANY FINDINGS IN SUPPORT OF ITS DETERMINATION OF APPELLANT'S CHILD SUPPORT OBLIGATION" *Page 3 
 Assignment of Error Number Three "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THE PARTIES' GROSS ANNUAL INCOMES."
 Assignment of Error Number Four "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THE APPELLANT'S CHILD SUPPORT OBLIGATION SHOULD BE HIGHER THAN THE CHILD SUPPORT GUIDELINE AMOUNT."
 Assignment of Error Number Five "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING THE APPELLEE BOTH TAX DEPENDENCY EXEMPTIONS AS THE APPELLEE, GIVEN HER GROSS ANNUAL INCOME, IS PRECLUDED FROM CLAIMING THE DEPENDENCY EXEMPTIONS PURSUANT TO THE INTERNAL REVENUE CODE."
 Assignment of Error Number Six "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING THE TWO THOUSAND DOLLARS ($2,000.00) IN SANCTIONS CURRENTLY ON DEPOSIT WITH THE CLERK OF COURTS TO BE GIVEN TO CHARITY." (SIC).
 Assignment of Error Number Seven "THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION WITHOUT ENTERING ITS OWN JUDGMENT ON THE ISSUES."
 {¶ 4} In his assignments of error, Husband has argued that the trial court erred in numerous ways with regard to the determination and journalization of his child support obligation. Husband has also argued that the trial court erred when it mandated that court ordered sanctions be donated to charity. This Court declines *Page 4 
to address Husband's assignments of error as the order appealed from does not constitute a final appealable order.
 {¶ 5} This Court has an obligation to raise jurisdictional issues sua sponte. Lava Landscaping, Inc. v. Rayco Mfg., Inc. (Jan. 26, 2000), 9th Dist. No. 2930-M, at *1, citing Whitaker-Merrell Co. v. Geupel Constr.Co., Inc. (1972), 29 Ohio St.2d 184, 186. Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.02 confer jurisdiction to appellate courts only where a final appealable order is present. Id. Accordingly, if the judgment entered below does not constitute a final appealable order, this Court does not have jurisdiction and the appeal must be dismissed. Id.
 {¶ 6} Husband appealed from the trial court's order, dated July 3, 2006, which stated simply:
 "The court has considered the objections of both parties to the Magistrate's Decision and finds they should be overruled. IT IS SO ORDERED." (Emphasis sic).
In Harkai v. Scherba Indus., Inc. (2000), 136 Ohio App.3d 211, this Court determined that where a prior judgment had been entered, it was unnecessary for the trial court to state whether it was "vacating, modifying, or adhering to its prior judgment." (Internal quotations omitted). Id. at 221. Here, the record is clear that the trial court entered a prior judgment on April 25, 2006, which incorporated the magistrate's decision and granted the parties a divorce. It is this underlying order of the court which is not final and appealable. *Page 5 
 {¶ 7} Civ. R. 75(F)(2) provides that a trial court:
 "* * * shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless one of the following applies:
 "(2) Issues of property division, spousal support, and allocation of parental rights and responsibilities or shared parenting have been finally determined in orders, previously entered by the court, that are incorporated into the judgment[.]"
 {¶ 8} Pursuant to Civ. R. 75(F), a trial court cannot enter a decree of divorce without first incorporating prior entries which have determined issues of property division and spousal support into the new judgment. Nolan v. Nolan, 11th Dist. No. 2003-G-2553, 2004-Ohio-6941, at ¶ 10. In the present case, the record is clear that the property division, spousal support, and allocation of debt issues were resolved pursuant to the judgment entry dated April 6, 2006. In its April 25, 2006 judgment decree of divorce, the trial court stated the following with regard to the April 6, 2006 order:
 "3. Property Division. The Court finds that the journal entry with regard to property division has been approved effective April 6, 2006 and made an order of this Court." (Emphasis sic).
 {¶ 9} This Court concludes that the trial court's final judgment decree of divorce failed to incorporate the parties' resolution of the spousal support issue as contained in the April 6, 2006 order. Accordingly, the final divorce decree does not comply with Civ. R. 75(F)(2) and does not constitute a final and appealable order. SeeNolan at ¶ 11. See also Rose v. Rose (Nov. 7, 2001), 9th Dist. No. 3194-M, at *2 (noting that Civ.R. 75(F)(1) requires the final decree to determine *Page 6 
the appropriateness of an order for spousal support except where the issue had been previously decided and the decision is incorporated into the final judgment pursuant to Civ.R. 75(F)(2)); Dummond v.Drummond, 10th Dist. No. 02AP-700, 2003-Ohio-587, at ¶ 15 (holding "[although a domestic court is permitted to issue separate decisions upon various issues, these determinations must all be incorporated into one final judgment" pursuant to Civ.R. 75(F)(2)).
 III {¶ 10} Based on the foregoing, this Court lacks jurisdiction and we hereby dismiss the instant appeal for lack of a final appealable order.
Appeal dismissed.
SLABY, P. J., MOORE, J. CONCUR
 *Page 1