*561
 
 By the Court.
 

 This case is' here on an appeal as of right from the Court of Appeals of Allen county. It originated in the Court of Common Pleas of that county and was decided adversely to J. Maurice Wit-ham, the plaintiff-appellant, in both lower courts, on a demurrer to his petition.
 

 On March 27, 1931, one John W. Jacobs borrowed a sum of money from the appellee herein, The South Side Building & Loan Association of Lima, Ohio. The indebtedness was evidenced by a promissory note executed by Jacobs and his wife and secured by a first mortgage on a farm in Allen county.
 

 Jacobs died in 1932, seized in fee simple of the encumbered premises. He left a will devising this land to his widow for life, then to J. Maurice Witham for life, with remainder in fee to'Witham’s children. Jacobs’ widow died in a short time.
 

 As administrator
 
 de bonis non
 
 with the will annexed of the estate of John W. Jacobs, deceased, the appellant sold the premises at public sale to pay debts, his wife being the purchaser. She tendered him a certificate of deposit in The South Side Building & Loan Association of Lima, Ohio, in payment of the note and mortgage held by that institution. Appellant, as administrator, accepted the same, gave her a receipt, and filed his first account, claiming credit for the payment of such note and mortgage.
 

 Appellee filed exceptions to the account, which were sustained and the set-off not allowed. Such judgment was' affirmed by the Court of Common Pleas and the Court of Appeals, and a motion to require the latter court to certify its record was overruled by this court.
 

 In his petition herein, Witham, in the capacity of a devisee of Jacobs, seeks to set off the amount represented by a certificate of deposit in the appellee association, acquired by him after the deaths of Jacobs and his widow, against the mortgage indebtedness'.
 

 
 *562
 
 “A set-off, whether legal or equitable, must relate to cross-demands in the same right, and when there is mutuality of obligation.”
 
 Andrews
 
 v.
 
 State, ex rel. Blair, Supt. of Banks,
 
 124 Ohio St., 348, 178 N. E., 581, 83 A. L. R., 141.
 

 It is that right which exists between two parties, each of whom under an independent contract owes a definite amount to the other, to set off their respective debts1 by way of mutual deduction.
 

 Here, neither Jacobs nor his wife had any connection whatever with the certificate of deposit held by Witham, nor is there any liability on the part of Witham to pay the Jacobs’ note or any portion thereof. The situation discloses no semblance of cross-demands in the same right and mutuality of obligation. It would therefore seem apparent that Witham cannot assert a set-off.
 

 The petition also avers the unconstitutionality of Section 9652-1, General Code, involving the right of a
 
 borrower
 
 from a building and loan association to have his deposit account in the association, applied against his indebtedness, with certain limitations. Not being within the class affected by this statutory enactment, appellant is not in a position to challenge its constitutionality. 8 Ohio Jurisprudence, 178, Section 75; 11 American Jurisprudence, 748, Section 111.
 

 Appellee further complains of an arbitrary reduction in the interest rate on his certificate of deposit from five to three per cent. This is wholly incidental to the principal relief sought in the petition and is not a matter for adjudication by this court now under the circumstances.
 

 Finding no error in the judgment of the Court of Appeals, the same is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.