OPINION
{¶ 1} Defendant-appellant, Southern Ohio Kitchens, appeals the decision of the Lebanon Municipal Court not to grant a setoff. We affirm the decision of the trial court.
 {¶ 2} Plaintiff-appellee, Patrick Gibbons ("Gibbons"), was building a new house in 2000. On May 22, 2000, Gibbons contracted with appellant for six cultured marble bathroom vanity tops. The contract price for the vanity tops was $1,970.25. Gibbons ordered the vanity tops with a satin finish. However, when the vanity tops were delivered, they had been manufactured with a gloss finish.
 {¶ 3} Gibbons also contracted with appellant for his kitchen countertop on May 31, 2000. The contract price for the kitchen countertop totaled $4,742.45. When the kitchen countertop was delivered and installed, Gibbons was not satisfied with its appearance. The countertop had defects in its finish and seam fabrication.
 {¶ 4} Gibbons contacted appellant to complain about the vanity tops and the kitchen countertop. Appellant told Gibbons that he would refund the difference in price between the more expensive satin finish and the cheaper gloss finish on the bathroom vanity tops. Appellant also attempted to repair the kitchen countertop. However, the repair was unsuccessful.
 {¶ 5} Wilson Art ("Wilson Art") manufactured the products used by appellant to fabricate the kitchen countertop. Flagg, Inc. ("Flagg") distributed the materials manufactured by Wilson Art. Gibbons contacted Flagg and Wilson Art to obtain information on the proper method for repairing the countertop.
 {¶ 6} Wilson Art determined that their manufacturer's warranty was voided due to incorrect fabrication or installation of the countertop. However, Flagg offered to assist appellant with the second attempt to repair Gibbons' kitchen countertop. The second attempt was also unsuccessful because appellant misplaced the material that was cut out of the countertop in order to install the kitchen sink, consequently, a mismatched piece of material was used to patch the defect.
 {¶ 7} Gibbons filed two separate actions in small claims court. One action was for the bathroom vanity tops and one for the kitchen countertop. Appellant moved to have the cases consolidated and moved to the regular docket. Gibbons filed a motion for leave to amend damages. Damages were amended to $4,205.23 plus $1,000 punitive for the vanity tops and $8,778.65 plus $2,000 punitive for the kitchen countertop.
 {¶ 8} A trial was held on April 17, 2003. During trial Gibbons testified that he received $3,500 from Wilson Art and Flagg in a settlement agreement. The trial court determined that the "total judgment on behalf of [Gibbons] as against [appellant] is $4634.47." The court noted that $4,634.47 is the total regardless of any settlement that Gibbons made with another party defendant.
 {¶ 9} Appellant appeals the decision raising a single assignment of error:
 {¶ 10} "The trial court erred in not setting off the $3,500.00 paid to plaintiff by Wilson Art and Flagg, Inc."
 {¶ 11} Appellant argues that based on Gibbons' testimony, it is clear that he "was complaining about the finish and poor fabrication of the countertops that were fabricated by Wilson Art and distributed by Flagg, Inc. It is also clear that both Wilson Art and Flagg, Inc. attempted to cure the defect after the countertops were installed. Therefore the Court must take into consideration the settlement between Wilson Art, Flagg, Inc. and [Gibbons] and reduce the amount of the judgment against [appellant] in the amount of $3,500. The judgment of $4,634.47 should therefore be reduced to $1,134.47 plus interest and cost from May 16, 2002."
 {¶ 12} An appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v. Dunlap, 73 Ohio St.3d 308, 314,1995-Ohio-243. Furthermore, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 13} In this case, the trial court determined that the "total judgment on behalf of [Gibbons] as against [appellant] is $4634.47." The court noted that $4,634.47 is the total regardless of any settlement that Gibbons made with another party defendant.
 {¶ 14} However, appellant argues that its right to set off is well-established and it cites to former R.C. 2307.32(F)(1) which was in effect at the time. Former R.C. 2307.32(F)(1) states that a "release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasor to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater."
 {¶ 15} However, appellant's reliance on former R.C.2307.32(F)(1) is misplaced. A tort is defined as "a private or civil wrong or injury, other than a breach of contract." Gibbons contracted with appellant to install bathroom vanities and kitchen countertops. Therefore, the instant case deals with a breach of contract rather than joint tortfeasors and R.C.2307.32(F)(1) is not applicable.
 {¶ 16} The Ohio Supreme Court defined the right to setoff as "that right which exists between two parties, each of whom under an independent contract owes a definite amount to the other, to set off their respective debts by way of mutual deduction."Witham v. South Side Building Loan Assn. (1938),133 Ohio St. 560, 562.
 {¶ 17} The settlement agreement between Gibbons, Wilson Art, and Flagg is independent from the contract between appellant and Gibbons. As competent, credible evidence shows that Gibbons paid in full for the contracted services, and appellant breached that contract, we find that the trial court did not err by failing to set off Gibbons' settlement from Wilson Art and Flagg.
 {¶ 18} Judgment affirmed.
Powell, P.J., and Valen, J., concur.