OPINION
{¶ 1} Appellant, Timothy B. Nolan, appeals from the January 24, 2007 judgment entry of the Geauga County Court of Common Pleas, which ordered that he report to the Geauga County Safety Center for three days due to his failure to pay child support.
 {¶ 2} On April 10, 2002, Plaintiff Christina J. Nolan ("Christina") filed a complaint for divorce against appellant on the grounds of gross neglect of duty, extreme cruelty, *Page 2 
and incompatibility, along with motions for temporary residential parenting, child support, and spousal support.[1] Appellant filed an answer on June 14, 2002.
 {¶ 3} On June 21, 2002, a hearing was held before the magistrate. An agreed judgment entry was filed on August 2, 2002, indicating that Christina was designated as the residential parent of the minor child, and appellant was to pay Christina child support in the amount of $507.73 per month, plus a two percent processing charge.
 {¶ 4} On July 22, 2003, appellant filed a motion to modify child support, alleging that his annual salary had been reduced, which was dismissed by the trial court.
 {¶ 5} The matter proceeded to a hearing before a magistrate on August 22, 2003. Evidence was presented that the parties were married on August 2, 1991, and that one child, the minor child, was born of the marriage. The parties reached an agreement as to the division of all marital property and the allocation of parental rights and responsibilities. The sole remaining issue was the grounds for divorce under R.C. 3105.01.
 {¶ 6} At the hearing, Christina orally amended her complaint by testifying that she and appellant lived separate and apart, without cohabitation, for more than one year. Christina further stated that she moved out of the marital home on her own free will and volition. Counsel for appellant responded in the negative when asked whether he had any objections to the amendment. The magistrate proceeded to grant Christina's oral motion to amend her complaint to add the grounds of living separate and apart without interruption for more than one year pursuant to R.C. 3105.01 (J). *Page 3 
 {¶ 7} Appellant also testified at the hearing that he had been living separate and apart from Christina for more than one year. He further indicated that during that year, Christina was invited to return to the marital residence but failed to accept the invitation.
 {¶ 8} As memorialized in the magistrate's decision filed on October 9, 2003, the magistrate recommended that the parties be granted a divorce based on R.C. 3105.01(J), and that appellant pay $507.73 per month in child support plus a two percent processing charge. Appellant filed objections to the magistrate's decision on October 23, 2003. In its December 2, 2003 judgment entry, the trial court overruled appellant's objections and adopted the magistrate's decision.
 {¶ 9} Also on December 2, 2003, a shared parenting decree was filed, indicating that appellant was to pay $507.73 per month in child support plus a two percent processing charge.
 {¶ 10} On December 31, 2003, appellant appealed the judgment entry of divorce to this court, Case No. 2003-G-2553.
 {¶ 11} While that appeal was pending, on March 9, 2004, appellee, Geauga County Child Support Enforcement Division, filed a motion to show cause. A hearing was held before the magistrate on May 4, 2004. Appellant did not appear. At the August 5, 2004 rescheduled hearing, appellant admitted his contempt of the trial court's order to timely pay child support. Pursuant to the August 9, 2004 agreed judgment entry, appellant was able to purge himself of contempt by making additional monthly payments toward the arrearage in the amount of $68.00. He was sentenced to thirty days, which was suspended so long as he completed his purge conditions. *Page 4 
 {¶ 12} In a September 16, 2004 letter from UPMC physician, Dr. Iris A. Brossard ("Dr. Brossard"), it was indicated that appellant has multiple sclerosis and is unable to work.
 {¶ 13} On December 17, 2004, this court dismissed the appeal for lack of a final appealable order, pursuant to Civ.R. 75(F). Nolan v.Nolan, 11th Dist. No. 2003-G-2553, 2004-Ohio-6941.
 {¶ 14} On January 27, 2005, the trial court issued a nunc pro tunc judgment entry of divorce correcting the clerical mistake raised by this court. Appellant filed a second notice of appeal, arguing that the trial court erred in granting Christina a divorce based upon the grounds set forth in R.C. 3105.01(J).
 {¶ 15} While that appeal was pending, on May 3, 2005, appellee filed a motion to impose jail sentence. At that hearing, evidence was presented that appellant was diagnosed with multiple sclerosis and was unable to work. On July 15, 2005, the trial court overruled appellee's motion.
 {¶ 16} On January 11, 2006, appellee filed its second motion to impose jail sentence.
 {¶ 17} On March 31, 2006, appellant filed a motion for relief from judgment, from the trial court's January 27, 2005 entry, validating the child support obligation, which was overruled by the trial court on May 10, 2006.
 {¶ 18} Also on March 31, 2006, appellant filed an affidavit of poverty, stating that he had been unemployed since January 2003.
 {¶ 19} On June 30, 2006, this court affirmed the judgment of the trial court. Nolan v. Nolan, 11th Dist. No. 2005-G-2623, 2006-Ohio-3409. *Page 5 
 {¶ 20} According to the August 22, 2006 letter from the Department of Veterans Affairs, Dr. Raghuram R. Sadda ("Dr. Sadda"), staff physician, indicated that appellant appeared to have weakness in his legs and arms and that he was unable to stand or walk. He gave a history that he was diagnosed to have multiple sclerosis in 2002, and that the department was investigating the problem. Dr. Sadda stated that appellant was currently disabled and unable to work.
 {¶ 21} In a September 20, 2006 letter from the Department of Veterans Affairs, Christine Alford ("Alford"), Veterans Service Center Manager, stated that appellant was entitled to receive non service-connected pension benefits in the amount of $881 per month. She said that appellant was rated as permanently and totally disabled for VA purposes.
 {¶ 22} According to the October 3, 2006 letter from Dr. Christopher A. Sheppard ("Dr. Sheppard"), neurologist at Oak Clinic for Multiple Sclerosis, appellant was a patient at the clinic. Dr. Sheppard stated that appellant had increasing difficulty with side effects from the medication for multiple sclerosis.
 {¶ 23} On January 19, 2007, a hearing was held on appellee's second motion to impose jail sentence. At that hearing, the prosecutor indicated that appellant owed $22,085.01 in child support. She stated that no money had been received from the Department of Veterans Affairs, but that in fairness to appellant, he did not receive his benefits. Appellant's counsel stipulated that there had been no payments made through the bureau, but that there had been payments made outside the bureau.
 {¶ 24} According to appellant, he is not employed because he is disabled with multiple sclerosis. His last day that he worked was January 24, 2003. The last time *Page 6 
that he filed a tax return was in 2002. Appellant testified that he began receiving in August 2006, a monthly disability pension in the amount of $881, to pay for his living expenses and utilities. He was informed that his disability pension is not income and is not subject to garnishment for child support purposes. Appellant also indicated that he received food assistance from Job and Family Services. Sometime in March of 2006, appellant applied to receive benefits for the minor child, but did not know his son's social security number, which he received a day or two later. However, the whole process was delayed.
 {¶ 25} Pursuant to its January 24, 2007 judgment entry, the trial court found appellee's motion to impose jail sentence well-taken, and ordered that appellant serve three of the thirty days previously ordered and suspended. It is from that judgment that appellant filed the instant appeal, raising the following assignment of error for our review:[2]
 {¶ 26} "The trial court abused its discretion when it granted appellee's motion to impose jail sentence."
 {¶ 27} In his sole assignment of error, appellant argues that the trial court abused its discretion by granting appellee's motion to impose jail sentence.
 {¶ 28} "* * * [I]n a contempt proceeding, a reviewing court must uphold the trial court's decision absent a showing that the court abused its discretion. Winebrenner v. Winebrenner (Dec. 6, 1996), 11th Dist. No. 96-L-033, 1996 Ohio App. LEXIS 5511, at 7, *Page 7 
citing State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 29} "The party asserting a show cause motion has the burden to prove that a breach has occurred by clear and convincing evidence."Winebrenner at 8. "`Clear and convincing evidence' has been defined as `that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Ohio State BarAssn. v. Reid (1999), 85 Ohio St.3d 327, 331.
 {¶ 30} "A prima facie showing of civil contempt exists when the moving party * * * produces evidence of nonpayment * * *. Then, the burden shifts to the alleged contemnor to establish any defense he may have for nonpayment." Winebrenner, supra, at 8. (Citations omitted).
 {¶ 31} "Impossibility of performance is a valid affirmative defense to a contempt charge." Bertolone v. Bertolone (Dec. 14, 2001), 11th Dist. No. 2001-L-001, 2001 Ohio App. LEXIS 5656, at 3, citing Bean v.Bean (1983), 14 Ohio App.3d 358, 363. "The party raising the affirmative defense has the burden to prove that defense." Bertolone at 3. (Citations omitted.) *Page 8 
 {¶ 32} Also, "* * * a person charged with contempt for the violation of a court order may defend by proving that it was not in his power to obey the order." Courtney v. Courtney (1984), 16 Ohio App.3d 329, 334.
 {¶ 33} In the case at bar, appellant raised his impossibility to perform and/or his inability to comply as an affirmative defense. Multiple sclerosis was the reason appellant presented to explain why he was unable to work and, therefore, financially unable to comply with the trial court's order. He also presented evidence that due to his multiple sclerosis, he had been unable to work during the compliance period.
 {¶ 34} We note that it is truly unfortunate for anyone to be diagnosed with and live with multiple sclerosis. However, appellant has an ongoing child support order which he has totally ignored. The record reveals that appellant has the financial ability, yet chose not to send any money, for whatever reason, through the bureau. Appellant, as a parent, failed in his obligation to support his minor child. See R.C. 3103.03. Based on the circumstances of this case, the trial court did not abuse its discretion by granting appellee's motion to impose jail sentence.
 {¶ 35} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
TIMOTHY P. CANNON, J., concurs,
DIANE V. GRENDELL, P.J., concurs in judgment only.
[1] Christina is not a party to the instant appeal. Colin Christopher Nolan ("minor child"), d.o.b. October 3, 1999, was born as issue of the marriage.
[2] Appellant's sentence was stayed pending appeal. *Page 1