[Cite as *King v. King*, 2013-Ohio-2038.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| PHILIP G. KING, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2012-G-3068 and 2012-G-3079** |
| JENNIFER L. KING, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 07 DC 000470.

Judgment: Affirmed.

*R. Russell Kubyn*, The Kubyn Law Firm, 8373 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*Joyce E. Barrett*, 800 Standard Building, 1370 Ontario Street, Cleveland, OH 44113-1752 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This accelerated calendar appeal is a consolidated case from the Geauga County Court of Common Pleas. In Case No. 2012-G-3079, appellant, Jennifer King, contests the trial court's appointment of a receiver over the sale of the real property located at 416 Downing Drive, Chardon, Ohio, and the sale of the boat and trailer located in Milton, Ohio.

{¶2} In Case No. 2012-G-3068, appellant contends the trial court abused its discretion in finding that she failed to purge the contempt conditions set forth in the court's March 7, 2012 decision which sentenced her to jail and imposed a fine. She further challenges the trial court's alleged modification and "attachment" of her monthly spousal support from appellee, Philip King, in order to satisfy her debt to Philip for attorney fees owed from a previous judgment.

{¶3} The full background of this case is set forth in our recent opinion involving the above-captioned parties, *King v. King*, 11th Dist. No. 2011-G-3046, 2013-Ohio-432 ("*King I*"). Philip and Jennifer married in 1994 and two children were born as issue of the marriage. In 2007, Philip filed for divorce, which was granted in 2009. The divorce decree ordered that Philip pay spousal support to Jennifer in the amount of $334 per month, plus a two percent processing charge, for 84 consecutive months commencing on February 5, 2008.

{¶4} Following Jennifer's failure to comply with various orders of the court as set forth in the divorce decree, Phillip filed numerous motions and supplements to show cause and compel Jennifer's compliance. After a hearing, in a judgment entry dated January 13, 2011, Jennifer was sentenced to 30 days in jail and fined $250. Further, Philip was awarded judgment against Jennifer in the amount of $5,000 for his attorney fees. That sentence was stayed upon Jennifer meeting certain purge conditions. Following Jennifer's failure to meet those purge conditions, after a hearing on November 1, 2011, the trial court issued judgment against Jennifer on November 2, 2011, imposing the 30-day jail sentence and fine, and suspending Philip's spousal

2

support obligation for 16 months to be used to offset Jennifer's obligation to pay his attorney fees.

{¶5} Jennifer appealed that decision, and upon review by this court, we upheld the trial court's decision finding Jennifer in contempt for, inter alia, and as pertinent to this appeal, failure to bring and keep the Firth Third home equity loan current, and failure to list the Downing Drive property for sale with the real estate agent ordered in the divorce decree and at the price he recommended. *King I* at ¶21, 23. Specifically, we determined that Jennifer failed to make a good faith effort to comply with the court's orders, and failed to show that her non-compliance was the result of financial impossibility. *Id.* at ¶24. This court further rejected Jennifer's assertions that the offset of her and Philip's joint obligations to one another resulted in an improper modification of spousal support and "attachment" of Jennifer's earnings. *Id.* at ¶40.

{¶6} Regarding the instant matters in Case No. 2012-G-3068, a hearing was held on September 13, 2011, before a magistrate upon the following pleadings: Philip's multiple motions to show cause and for attorney fees relating to both Jennifer's previous failure to pay the home equity loan to Fifth Third Bank, and issues related to tax exemptions; Philip's motion to supplement and expand his previously filed motions to appoint a receiver; Philip's motion for credit on his spousal support obligation; Philip's motion for sanctions related to Jennifer's failure to comply with an order compelling discovery; Philip's motion to show cause and for attorney fees related to Jennifer's subsequent failures to pay the home equity loan to Fifth Third Bank; and Jennifer's motion for modification of the prior decree and reallocation of parental rights and responsibilities and change of custody.

{¶7} The magistrate's September 27, 2011 decision recommended that Jennifer be found in contempt of court and sentenced to sixty days in jail and fined $500. This sentence was stayed upon appellant purging her contempt by bringing the Fifth Third home equity line of credit current within 60 days after entry of judgment, or, in the alternative, obtaining a written agreement from Fifth Third releasing and discharging Philip from liability, and paying to R. Russell Kubyn, Philip's counsel, $3,000 within 60 days after entry of judgment.

{¶8} Jennifer timely objected to the magistrate's decision and the court granted her leave to supplement her objections after filing a transcript. However, Jennifer failed to file a transcript and did not offer to file an affidavit in lieu of a transcript. Therefore, her objections were overruled. However, Philip timely objected to the magistrate's decision on the ground that Finding of Fact No. 17 of the magistrate's decision relating to the issue of whether he had been released or discharged from liability for the GMAC mortgage loan was inconsistent with findings the magistrate made in previous proceedings. The previous findings state that Jennifer had modified the loan so that Philip was no longer liable. However, Philip maintains that Jennifer's modification did not release him from liability.

{¶9} On February 14, 2012, the magistrate conducted further proceedings on the issue of whether Philip remained liable for the GMAC mortgage loan and gave the parties leave to submit additional documentary evidence on that point. Philip submitted an affidavit; Jennifer did not submit additional documentary evidence. Thus, in consideration of Philip's affidavit, the trial court struck the magistrate's Finding of Fact

4

No. 17 and modified it to read as follows: "Defendant obtained a modification of the GMAC loan and Plaintiff remains liable on the loan as modified."

{¶10} In an entry dated March 7, 2012, the trial court adopted the magistrate's decision, as modified above, and determined that Jennifer was ordered to serve a term of 60 days imprisonment and to pay a fine of $500. Consistent with the magistrate's decision, the trial court stayed execution of the sentence on condition that Jennifer purge her contempt by bringing the Fifth Third home equity line of credit current within 60 days, or, in the alternative, obtaining a written agreement from Fifth Third releasing and discharging Philip from liability for that loan, and paying to Philip's attorney $3,000 within 60 days after entry of judgment. The court further ordered that commencing on day 61, the stay would automatically dissolve, at which time Philip could seek enforcement of that judgment, including an order of offset of his spousal support obligation against any balance of that money judgment then unpaid. The court additionally ordered that Philip's spousal support obligation be suspended and offset against the prior award against Jennifer in the amount of $5,000 in attorney fees.

{¶11} In Case No. 2012-G-3079, a hearing was also held on February 14, 2012, before the magistrate relating to the appointment of a receiver and sale of the Downing Drive residence, boat, and trailer. On March 8, 2012, the magistrate's decision was filed, appointing a receiver, Mr. Todd Petersen. Jennifer filed objections and supplemental objections to the magistrate's decision, but those objections were overruled by the trial court. The magistrate's decision was adopted by the trial court on April 30, 2012. Philip's motion for appointment of a receiver was granted by the court

5

on May 3, 2012, with the modification that Ms. Kelly Slattery be appointed receiver and charged with selling the marital home, boat, and trailer.

{¶12} Jennifer filed a timely appeal to the decisions in both cases. In Case No. 2012-G-3068, she raises the following assignments of error for our review:

{¶13} "[1.] The trial court erred and abused its discretion in granting appellee's objections to the magistrate's decision in the absence of a transcript and in overruling appellant's objections and supplemental objections without reviewing the transcript of proceedings filed by appellant prior to the trial court's decision.

{¶14} "[2.] The trial court erred and abused its discretion in modifying the Magistrate's Decision following further proceedings before the magistrate for which no additional findings of fact were made by the Magistrate.

{¶15} "[3.] The trial court erred and abused its discretion in modifying the non-modifiable spousal support award contained in the judgment entry of divorce.

{¶16} "[4.] The trial court erred and abused its discretion in attaching appellant's spousal support for the payment of a judgment/debt.

{¶17} "[5] The trial court erred and abused its discretion in finding appellant in contempt of court, imposing a sentence, a fine, the payment of attorney fees and an impossible purge order."

{¶18} In Case No. 2012-G-3079, Jennifer raises the following single assignment of error for our review:

{¶19} "The trial court erred and abused its discretion in overruling appellant's objections to the magistrate's decision and appointing a receiver."

6

**{¶20}** A reviewing court must uphold the trial court's decision in a contempt proceeding absent a showing that the court abused its discretion. *Nolan v. Nolan,* 11th Dist. No. 2007-G-2757, 2008-Ohio-1505, ¶28, citing *Winebrenner v. Winebrenner*, 11th Dist. No. 96-L-033, 1996 Ohio App. LEXIS 5511, *7 (Dec. 6, 1996), citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75 (1991). The term "abuse of discretion" is one of art, "connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

**{¶21}** The Second Appellate District also adopted a similar definition of the abuse-of-discretion standard; an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary 11 (8 Ed. Rev.2004). When an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error (Of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* at ¶67.

**{¶22}** In *Nolan, supra*, this court further stated:

**{¶23}** "'The party asserting a show cause motion has the burden to prove that a breach has occurred by clear and convincing evidence.' *Winebrenner* at *8. 'Clear and convincing evidence' has been defined as 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such

7

certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Ohio State Bar Assn. v. Reid*, 85 Ohio St.3d 327, 331 (1999)."

{¶24} "'A prima facie showing of civil contempt exists when the moving party * * * produces evidence of nonpayment * * *. Then, the burden shifts to the alleged contemnor to establish any defense he may have for nonpayment.' *Winebrenner, supra* at *8. * * * ." *Nolan* at ¶29-30.

{¶25} We turn first to the assignments of error raised in Case No. 2012-G-3068. With respect to Jennifer's third and fourth assignments, this court fully addressed those matters in *King I.* Accordingly, those issues merit no further discussion here and are res judicata.

{¶26} Regarding Jennifer's fifth assignment of error, to the extent that it relates to the November 2, 2011 order sentencing her to 30 days in jail and a $250 fine, that matter was also addressed in *King I* and is res judicata. However, to the extent that she takes issue with the trial court's March 7, 2012 decision which adopted the magistrate's finding that she serve a term of 60 days in jail, pay a $500 fine, and pay attorney fees in the amount of $3,000, we once again reject her argument based upon the same rationale expressed in *King I.* Even after serving one sentence for contempt with respect to her failure to bring the Fifth Third home equity line of credit current and pay Attorney Kubyn $3000, she again failed to comply with the magistrate's purge condition. Jennifer failed to make a good faith effort to comply with the terms and conditions of the purge order as required. Accordingly, the trial court did not abuse its

8

discretion in finding Jennifer in contempt of court and imposing the fine and jail sentence.

{¶27} We turn now to Jennifer's first and second assignments of error, which essentially raise the same arguments. In her first assignment of error, Jennifer argues that the trial court abused its discretion in granting Philip's objections to Finding of Fact No. 17 of the magistrate's decision, which initially found that Jennifer had obtained a modification of the home equity loan and that Philip was no longer liable thereupon. Philip posed his objection because the magistrate's finding was inconsistent with the prior ruling of the court; in essence, a simple mistake by the magistrate. The court's modification, therefore, was a correction of a previously uncontested finding which required no transcript or proffering of evidence. Not only was a transcript related to this simple mistake of an uncontested fact unnecessary, but in addition, the magistrate granted the parties leave to submit additional or supplemental documentary evidence related to the home equity loan and modification thereof. Philip filed an affidavit; Jennifer did not dispute or oppose Philip's evidence, and thus, waived any right to object to the trial court's ruling.

{¶28} Furthermore, appellant's second contention under her first assignment is that the trial court erred in ruling that she failed to timely file a transcript of proceedings. A party objecting to a magistrate's decision must file the transcript or affidavit with the trial court "within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." Civ.R. 53(D)(3)(b)(iii). If an objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions.

9

*In re Estate of Lucas*, 2d Dist. No. 23088, 2009-Ohio-6392, ¶32. Thus, on appeal of a judgment rendered without the benefit of a timely transcript or affidavit, an appellate court only considers whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision. *Id.* Civ.R. 53(D)(3)(b)(iii) requires an objecting party to file the transcript or affidavit with the court within thirty days after filing objections, "unless the court extends the time in writing for preparation of the transcript or other good cause."

**{¶29}** On November 11, 2011, Jennifer moved the trial court for an extension of time to file a transcript of proceedings. The trial court granted her an extension until November 23, 2011. Although Philip filed supplemental objections on December 23, 2011, Jennifer did not file any purported transcript of proceedings until February 6, 2012, in contravention of the ruling granting her an extension of time. Jennifer did not seek leave to file out-of-rule and was not granted further leave. Thus, Jennifer waived all rights to have the transcript considered, and the trial court did not err in neglecting to consider it.

**{¶30}** Similarly, in her second assignment, Jennifer contends that the magistrate erred in conducting further proceedings on February 14, 2012, on the issue of whether Philip remained liable on the GMAC mortgage loan without issuing a supplemental decision following the hearing. Rather, the trial court struck the original finding of the magistrate following the submission of Philip's affidavit, and modified and inserted a new fact.

**{¶31}** As previously noted, the magistrate granted the parties leave to submit additional or supplemental documentary evidence related to the GMAC mortgage and

10

the modification thereof. Philip filed an affidavit in response; Jennifer chose not to. However, she contends that she presented evidence at the February 14, 2012 hearing demonstrating that a modification to the original mortgage contract was completed, and that her name is the only name appearing on the mortgage modification, and thus, it was error for the trial court to modify that finding of fact.

**{¶32}** The modification language to which Jennifer refers expressly states as follows:

**{¶33}** "That all terms and provisions of the Loan Documents, except as expressly modified by this agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents."

**{¶34}** Hence, based on the above modification language, Philip's initial obligation on the GMAC mortgage was not cancelled. Furthermore, Philip submitted testimony and evidence from Lawyer's Title that a mortgage and lien search established he was still liable for the home equity loan and that no instrument, including the modification, altered his liability. Even if Jennifer's name was the only name on the modification, it did not expressly remove Philip's liability from the original mortgage and note.

**{¶35}** Based on the foregoing, Jennifer's first and second assignments of error in Case No. 2012-G-3068 are not well-taken and are without merit.

**{¶36}** We turn now to the single assignment of error posed by Jennifer in Case No. 2012-G-3079. Jennifer argues that the trial court erred and abused its discretion in overruling her objections and appointing a receiver where appellant had listed the

11

property for sale. Specifically, Jennifer submits that the trial court's appointment of a receiver with instructions to sell the real estate located at 416 Downing Drive was error because she took appropriate steps, although admittedly not in accordance with the time parameters set forth in the judgment decree of divorce, to remove Philip from liability on the first mortgage and home equity line of credit through a modification agreement. Accordingly, she argues there is no compelling reason to either order the sale of the marital home or appoint a receiver with instructions to do so. We disagree.

{¶37} Ohio courts have the authority to appoint receivers pursuant to R.C. 2735.01, et. seq., in their sound discretion. *Lockard v. Lockard*, 175 Ohio App.3d 245, 2008-Ohio-1577, ¶7. The primary purpose of a receiver is to carry out orders of the court. *Park Natl. Bank v. Cattani, Inc.,* 187 Ohio App.3d 186, 2010-Ohio-1291, ¶10. Receivers may be provided with broad powers to manage property pursuant to Section 2735.04. *Id.* R.C. Chapter 2735 does not contain any restrictions on what the court may authorize when it issues orders regarding receivership property. *Quill v. Troutman Ents., Inc.*, 2d. Dist. No. 20536, 2005-Ohio-2020, ¶34. Furthermore, a reviewing court will not disturb a trial court's judgment to appoint a receiver absent a clear abuse of discretion. *Lockard, supra,* at ¶7.

{¶38} R.C. 2735.01 provides that a trial court may appoint a receiver for various reasons including the following:

{¶39} "(C) After judgment, to carry the judgment into effect;

{¶40} "(D) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been

12

returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment."

{¶41} A court, in exercising its discretion to appoint or refuse to appoint a receiver, must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies. *Gibbs,* 60 Ohio St.3d at 73, fn.3. Receiverships are generally appropriate, and in fact sometimes necessary, in domestic relations matters to ensure the sale and/or distribution of marital property. *Parker v. Elsass*, 10th Dist. No. 02AP-144, 2002-Ohio-3340.

{¶42} As stated in *King I*, Jennifer did not comply with the court-ordered timeline to list the home for sale, nor did she comply with the court's designation of the real estate agent required to list and price the home. *Id.* at ¶21. Instead, 10 months later, Jennifer chose another agent who established the listing price. Further, the boat and trailer in question have not been advertised or sold according to the Separation Agreement and Divorce Decree.

{¶43} As stated by the trial court herein:

{¶44} "Ms. King has delayed refinancing the marital home and relieving Mr. King of his obligations to creditors. She has not cooperated in selling the home, and she has failed to sell the boat and trailer. Ms. King has committed financial misconduct."

{¶45} Therefore, in the instant matter, the trial court was confronted with the party who agreed to list, advertise, and sell the marital residence, boat, and trailer, but failed and/or refused to do so. Jennifer has not advanced a reasonable, rational

13

argument to the contrary or justifying the same. Jennifer had over three years to comply with the Settlement Agreement and Divorce Decree, yet, she failed to do so, despite being sentenced to jail and ordered to pay fines. The trial court properly discerned that Jennifer's promises to complete her obligations were not trustworthy.

{¶46} Accordingly, based on the foregoing, we conclude that the magistrate and trial court properly found that the appointment of a receiver was necessary under the circumstances in order to complete the orders of the Divorce Decree and to protect Philip's interest in the relevant property. The trial court did not abuse its discretion in the appointment of a receiver. Appellant's assignment of error in Case No. 2012-G-3079 is wholly without merit.

{¶47} For the reasons stated in the opinion of this court, Jennifer's assignments of error are without merit. It is the judgment and order of this court that the judgments of the Geauga County Court of Common Pleas are affirmed.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

14