[Cite as *King v. King*, 2014-Ohio-2223.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


| | | |
|---|---|---|
| PHILIP G. KING, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3155** |
| JENNIFER L. KING, | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Geauga County Court of Common Pleas, Case No. 07 DC 000470.

Judgment: Affirmed.


*R. Russell Kubyn*, Kubyn & Ghaster, LLP, 8373 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*Jennifer L. King*, pro se, 416 Downing Drive, Chardon, OH 44204 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from the denial of two post-judgment motions in a divorce action before the Geauga County Court of Common Pleas. In both motions, appellant, Jennifer L. King, moved the trial court to vacate its prior order appointing a receiver for the purpose of selling the former marital residence. She maintains that her motions to vacate should have been granted because her evidence proved that appellee, Philip G. King, did not have any interest in the residence. For the following reasons, the record

supports the trial court's decision to overrule the motions.

{¶2} The parties were granted a divorce in January 2009. Attached and incorporated into the final divorce decree was a separation agreement which had a specific provision regarding the marital residence. At the time of the divorce, the home had a fair market value of $243,000, and was encumbered by a first mortgage owed to GMAC Mortgage and a home equity loan owed to Fifth Third Bank.

{¶3} The separation agreement stated that appellant was to retain possession of the home as part of the property distribution. However, the agreement also provided that, by May 2009, she was required to refinance the two existing loans so that appellee would be released from all liability for the sums owed. Furthermore, if appellee did not obtain refinancing or loan modification by the stated date, the agreement mandated that the home had to be listed for sale immediately with a specified real estate broker.

{¶4} Although appellant ultimately obtained a loan modification as to the GMAC mortgage, this did not happen within the required time frame. As a result, appellee took steps to enforce the provision regarding the immediate listing of the home for sale. This led to the filing of numerous post-decree motions by both sides and extensive litigation over a thirty-month period. The litigation culminated in two judgments issued by the trial court in March and May 2012.

{¶5} In its first judgment, the trial court found appellant in contempt and ordered her to serve 60 days in the county jail and pay a $500 fine. As to the sanctions, the trial court gave appellant the opportunity to purge the contempt by either bringing the Fifth Third home equity loan current or obtaining an agreement from Fifth Third discharging appellee from all liability on that loan. In relation to the GMAC loan, the court adopted a

2

magistrate's finding that, despite the fact that appellant was given a loan modification, appellee remained liable for the amount owed.

{¶6} In its second judgment, the trial court granted appellee's motion to appoint a receiver. In addition to naming the receiver, the judgment ordered the receiver to take all necessary steps to sell the marital residence and two other items.

{¶7} Appellant appealed both of the foregoing judgments to this court. In *King v. King*, 11th Dist. Geauga Nos. 2012-G-3068 and 2012-G-3079, 2013-Ohio-2038, we upheld both judgments in all respects.

{¶8} Within sixty days of the release of our opinion, appellant filed two motions to vacate the trial court's prior order appointing the receiver. As the grounds for each motion, she argued that appellee was not entitled to force the sale of the home because he had no present interest in the property. In support of her second motion, appellant attached a certified copy of a quitclaim deed which appellee executed in her favor as to the disputed property in November 2009.

{¶9} After appellee responded to both motions, the trial court rendered its new judgment denying appellant any relief from the "receiver" order. After noting that all of its earlier determinations were affirmed on appeal, the trial court emphasized that, since appellant never took the required steps to extinguish appellee's potential liability on the GMAC mortgage loan, the sale of the home was necessary to protect him.

{¶10} In appealing the denial of her two motions to vacate, appellant raises one assignment of error for review:

{¶11} "The lower court abused its discretion by appointing receiver [for] the property located at 416 Downing Drive, Chardon, OH 44024."

3

{¶12} Although the wording of appellant's assignment suggests that she again seeks to contest the trial court's original decision to appoint the receiver, the substance of her actual argument essentially repeats the assertions she made in her two motions to vacate. According to her, the trial court should have vacated the original order as to the receiver and the sale of the marital residence because appellee cannot assert any valid claim to the property. In support, she again points to the quitclaim deed in which appellee conveyed his entire interest in the property to her.

{¶13} Pursuant to the express wording of the separation agreement, appellee's relinquishment of his interest in the residence was not sufficient to give appellant total control of the asset. In regard to this issue, the agreement stated:

{¶14} "Wife agrees to and shall, no later than May 15, 2009, refinance the loan balances including but not limited to any modification loans required by GMAC for the first mortgage and to Fifth Third Bank for the home equity loan in her own name *in order to release Husband from any and all liability with respect to the first mortgage and the home equity loan.*" (Emphasis added.)

{¶15} Obviously, appellee's execution of the quitclaim deed would have no effect upon his liability under the loan agreements with GMAC Mortgage and Fifth Third Bank. Instead, his liability for the amounts owed on the loans could only be released through the proper modifications of the respective loans. Hence, appellant's reliance upon the quitclaim deed is misplaced. Regardless of appellee's lack of any interest in the home, his liability on the loans is controlled solely by the wording of those agreements.

{¶16} Regarding the GMAC loan, appellant was able to negotiate a modification of that original agreement. However, in our earlier opinion addressing the merits of the

4

trial court's March 2012 judgment, this court upheld the finding that the modification did not alter appellee's obligation:

{¶17} "The modification language to which Jennifer refers expressly states as follows:

{¶18} "'That all terms and provisions of the Loan Documents, except as expressly modified by this agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.'

{¶19} "Hence, based on the above modification language, Philip's initial obligation on the GMAC mortgage was not cancelled." *King*, 2013-Ohio-2038, at ¶32-34.

{¶20} In moving the trial court to vacate its "receiver" order, appellant did not try to establish that she had successfully negotiated a second modification with GMAC that contained a release of appellee's liability on the mortgage loan. Accordingly, since the first modification is still in effect, our prior analysis is still binding and cannot be subject to any reconsideration under the doctrine of res judicata. *Cf., King*, at ¶26. In light of the fact that appellee is still liable on the mortgage loan if appellant does not make the required payments, the separation agreement mandates that the property be listed for sale with a real estate broker. Moreover, since appellant has not cooperated in the sale of the property, the appointment of a receiver was needed to ensure ultimate compliance with the agreement.

{¶21} Civ.R. 60(B) sets forth a procedure though which a party can obtain relief from a final judgment in a civil case. To be entitled to such relief, the moving party must

5

show, inter alia, that she can satisfy one of five possible grounds delineated in the rule. *American Express Bank, FSB v. Waller*, 11th Dist. Lake No. 2011-L-047, 2012-Ohio-3117, ¶10. Pursuant to Civ.R. 60(B)(4), a party can be afforded relief from a prior final judgment when "it is no longer equitable that the judgment should have prospective application; * * *."

**{¶22}** Appellant did not demonstrate that it would be inequitable to allow the receiver to go forward because she had negotiated appellee's release from all liability under the GMAC loan. Furthermore, to the extent that appellant sought to use her motions to vacate as a means of again contesting the merits of the initial "receiver" order, this is not permissible under Civ.R. 60(B). *See Federal Home Loan Mort. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶43. Hence, the trial court acted within the scope of its sound discretion in denying appellant's two motions to vacate.

**{¶23}** Appellant's sole assignment of error is without merit. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

6